83  279<br>4ap562

The People of the State of New York ex rel. John C. Ryan, Appellant, v. George W. Aldridge, Mayor, etc., and Others, Respondents.

*Specific performance of a contract between a city and a surveyor — when the remedy of the aggrieved party is by an action for damages — writ of mandamus properly refused at Special Term.*

A writ of mandamus to a public officer, to compel the performance of a duty which rests in contract merely, is in the nature of an action in equity for the specific performance of such contract, and a municipality cannot be compelled to perform a contract made by it with a surveyor, for the survey of a portion of its territory.

No person can be compelled, by any process of law, to prosecute any enterprise undertaken for purposes of his own beyond the point at which he sees fit to discontinue the undertaking.

If a municipality has contracted with a party to do certain work, and afterwards refuses to have it done, the municipality does not thereby relieve itself from the obligation of the contract, but the remedy of the contractor is confined to his action for damages resulting from its breach.

In such case the contract is not abrogated, but, in the nature of things, neither party can compel its specific performance by the other, and this rule applies as

well to bodies corporate as to individuals, and even to the State, although no action for damages can be directly maintained against it.

Where the common council of a city directs one of its committees to advertise for proposals for a survey of a portion of the territory of the city, and to let the work to the lowest competent surveyor bidding therefor, if the committee advertises, and a person sends in a proposal which is accepted, and the work is awarded to him by a resolution of such committee, and afterwards the common council votes to reconsider its previous action, and indefinitely postpones further action thereon, no further action on the part of the committee is enforcible by mandamus, and the remedy of the person whose proposal was accepted, if any exists, is by an action for damages for breach of the contract actually made and not by mandamus to compel the execution of a contract which the city, by its common council, has decided not to enter into.

Under such circumstances the discretion of the Special Term of the Supreme Court is properly exercised in the denial of a motion for a mandamus.

APPEAL by the relator, John C. Ryan, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Monroe on the 15th day of May, 1894, denying the relator's application for a writ of mandamus.

*M. T. Bly*, for the appellant.

*A. J. Rodenbeck*, for the respondents.

Dwight, P. J.:

The common council of the city of Rochester, by resolution, directed its map and survey committee to advertise for proposals for a survey of a portion of the territory of the city, and to let the work to the lowest competent surveyor bidding therefor, etc., and directed the mayor to execute a contract for the work when requested thereto by the committee. The committee advertised, the relator sent in a proposal which was accepted, and the work was awarded to him by resolution of the committee. Shortly afterwards the common council voted to reconsider its previous action, and indefinitely postponed further action thereon. Thereafter demand was made, in behalf of the relator, upon the committee, to request the mayor, and upon the mayor, to execute the contract, both of which were refused, and the relator brought this action, joining the mayor and the members of the committee as defendants therein.

It is very clear, we think, that the action cannot be maintained. The writ of mandamus to a public officer to compel the performance

of a duty which rests in contract merely is in the nature of an action in equity for a specific performance of such contract; and specific performance cannot be compelled of a contract of the nature of that here in question. No person can be compelled, by any process of law, to prosecute any enterprise undertaken for purposes of his own beyond the point at which he sees fit to discontinue the undertaking; and if he has contracted with another person to do the work for him, and afterwards refuses to have it done, the contractee does not relieve himself from the obligation of the contract, but the remedy of the contractor is confined to his action of damages for its breach. The contract is not abrogated, but, in the nature of things, neither party can compel its specific performance by the other.

The rule applies as well to bodies corporate and politic as to individuals, and even to the State, although against it no action for damages can be directly maintained. Such was the decision in the case of *Lord* v. *Thomas* (64 N. Y. 107), in which the principle was fully recognized which must control in this proceeding. In that case the court, by ANDREWS, J., says: "The State cannot be compelled to proceed with the erection of a public building, or the prosecution of a public work at the instance of a contractor with whom the State has entered into a contract for the erection of the building or the performance of the work. The State stands in this respect in the same position as an individual, and may, at any time, abandon an enterprise which it has undertaken and refuse to allow the contractor to proceed. * * * That a person who has employed another to perform labor may refuse to allow the other party to proceed, and that the latter cannot thereafter insist upon specifically performing the contract, was decided in *Clark* v. *Marsiglia* (1 Denio, 317)."

We think that the principles thus stated are applicable to the case in hand, notwithstanding that the duty here sought to be enforced by mandamus is the execution and not the performance of the contract for the survey. Nevertheless, that duty itself exists, if at all, only by virtue of the contract made by the committee with the relator, when the former advertised for and accepted the proposals made by the latter, since the authority of the committee to proceed further under the original resolution of the common council has been, in effect, revoked by the subsequent action of that body.

We have, then, the action of the committee, in awarding the contract to the relator, binding upon the city, because taken under the direction of its common council, but no further action on the part of the committee enforcible by mandamus, because that direction has been revoked. The remedy of the relator, therefore, if any exists, is, as in the cases cited, by action for damages for breach of the contract actually made, and not to compel the execution of a further contract which the city, by its common council, has decided not to enter into.

We think the discretion of the court was properly exercised at Special Term in the denial of the motion for a mandamus, and that the order should be affirmed.

LEWIS and BRADLEY, JJ., concurred; HAIGHT, J., absent.

Order appealed from affirmed, with ten dollars costs and disbursements.