MITCHELL VINCENT, Appellant, v. C. B. ELLIS, Appellee.

**Mandamus:** ACT OF AUDITOR PASSING ON BIDS: *Not controlled by* When each of two bidders claim to be entitled to the contract, the act of the auditor, who is required to pass on the sufficiency of the bids and the bonds, in awarding the contract, is judicial and discretionary, which cannot be controlled by mandamus, which is limited by Code, section 4341, to ministerial acts.

**SAME:** *Adequate remedy at law.* The lowest bidder for the construction of a county ditch, entitled by Code, sections 1943, 1944, to a contract therefor, cannot compel the granting of such contract by mandamus, as he has an adequate remedy at law, in damages.

**Lowest Bidder:** IMPLIES COMPETITION: *County ditch contract.* Where there are only two bids for the construction of a county ditch required by Code, sections 1943, 1944, to be let by the county auditor to the lowest bidder giving a sufficient bond, etc., and one bid is informal and cannot be considered, the contract cannot be awarded to the other bidder, as a letting to the lowest bidder implies the existence of competition.

**Review on Appeal:** REFUSAL TO GRANT: *Mandamus.* The granting of a writ of mandamus being in the sound discretion of the court, a refusal of an application therefor will not be reversed on appeal unless an abuse of discretion is clearly shown.

SUSTAINED DEMURRER: *Reasoning of trial court not binding if correct reason exists.* The supreme court on appeal from a judgment sustaining a demurrer to the petition, is not limited to the reasons given by the trial court; but the decision below will be affirmed, if the petition states no cause of action, even if the reasons assigned by the trial court were erroneous.

*Appeal from Monona District Court.*—HON. GEO. W. WAKEFIELD, Judge.

TUESDAY, JANUARY 21, 1902.

MANDAMUS to compel the defendant, who is county auditor of Monona county, to award to plaintiff a contract for the construction of a ditch. Demurrer to petition being sustained, and plaintiff electing to stand upon his pleading without further amendment, there was judgment for defendant, and plaintiff appeals.—*Affirmed.*

*Brown & Anderson* and *C. E. Underhill* for appellant.

*McMillan & Kindall* for appellee.

WEAVER, J.—The petition alleges that by proper proceedings under chapter 2, title 10, of the Code, a public ditch was located through lands in Monona county; that, for convenience in letting the work of excavation, the ditch was divided into 20 sections; that defendant, as county auditor, gave due notice of the letting of said work in separate sections as provided by law; that plaintiff became a bidder for such work upon each and every section at prices varying

from 6.7 cents to 10 cents per cubic yard; that the
Canal Construction Company was also a bidder upon
all of said sections at the uniform price of 7.25 cents per
cubic yard, said bid being conditioned upon obtaining the
award of the entire work; that plaintiff, by reason of his said
bid, became entitled to be awarded the contract for excavat-
ing all of the 20 sections of the ditch; that, if the bid of the
Canal Construction Company be construed as applying to
the sections separately, then plaintiff was entitled to a con-
tract for 8 of said sections, upon which his bid was less than
7.25 cents per cubic yard; that defendant wrongfully refuses
to award plaintiff the contract for excavating the ditch, either
as a whole or in part, and threatens to let the same to the
construction company, and that plaintiff is ready, upon the
award of the contract to him, to make and deliver a good
and sufficient bond, as required by law, to secure the due
performance of the work according to his bid. Upon these
allegations plaintiff demands "that a peremptory writ of
mandamus issue, directed to said defendant, commanding him
forthwith to award said contract for the construction of each
and every one of said sections to the plaintiff, and especially for
the construction of sections 1, 3, 4, 6, 10, 11, 12, and 20."
The ruling of the district court sustaining defendant's de-
murrer to the petition is based upon the ground that the
facts stated do not entitle plaintiff to the relief demanded,
in that the plaintiff seeks by the writ of mandamus to control
the discretion and judgment of the county auditor in the
performance of an official duty. With this statement of the
record, we proceed to consider whether there was error in
said ruling.

I. The action of mandamus, as defined by Code, sec-
tion 4341, "is one brought to obtain an order commanding
an inferior tribunal, board, corporation or person to do or
not to do an act the performance or omission of which the
law enjoins as a duty resulting from an office, trust
or station. Where discretion is left to the inferior
tribunal or person the mandamus can only compel it

to act but cannot control such discretion." Such, substantially, is also the definition at common law, as shown by authorities too numerous and familiar to require citation. It is of fundamental importance, therefore, to determine whether the act for which a writ is demanded in this case involves the exercise of any discretion or judgment on the part of the county auditor. The statute governing the manner of letting contracts for the construction of such ditches provides (Code, sections 1943, 1944) that, after the board of supervisors have divided the proposed ditch into suitable sections, the auditor shall cause notice of the letting to be published, giving the kind and approximate amount of work to be done on each section, and that at the time named in such notice he shall proceed to let the work upon each separate section to the lowest bidder, who shall be required to execute a bond, with sufficient sureties, or deposit cash, as security for the performance of the contract. So far as the petition reveals, there were but two bidders upon the work; and of these, according to the allegation, the bid of the Canal Construction Company was in fact a bid for the excavation of the entire ditch, instead of an independent proposition upon each of the several sections, as it is claimed the law requires. Here, then, was the situation with which the auditor had to deal: If both bids were to be considered and treated as being for the entire work, then the Canal Construction Company's bid involved the smaller aggregate expense, and was "lowest," within the ordinary meaning of that word. If both bids were to be considered and treated as being made upon each of the several sections independently, then each of the bidders was entitled to be awarded a part of the work. If, however, the bid of the construction company was, as alleged, a bid for the work as a whole, and therefore not entitled to consideration, then neither was entitled to the award, even though plaintiff's bid was in due form. A letting to the "lowest" bidder implies the existence of competition, and, if one of two bids be fatally informal, then

the other, standing alone, is without competition, and may rightfully be rejected, even though unobjectionable in form and substance. *People v. Supervisors,* 42 Hun. 458.

Whether the duty of a public officer who is required to let a contract to the lowest bidder involves the exercise of any discretion on his part is a question upon which the cases are not in harmony . The Ohio courts have held, in substance, that the act is ministerial only, and may be enforced by mandamus, even after an award to another bidder who has proceeded to the performance of the work. *Boren v. Commissioners,* 21 Ohio St. 311. But no other court seems to have gone to that extent, and we think the holding not in accordance with the weight of authority. *People v. Board,* 27 N. Y. 378; *People v. Campbell,* 72 N. Y. 496; *People v. Supervisors, supra; People v. Thompson,* 99 N. Y. 641; *People v. Croton,* 49 Barb. 259; *People v. Aldridge,* 83 Hun, 279 (31 N. Y. Supp. 920); *State v. Board,* 24 Wis. 683. In *People v. Supervisors, supra,* the court, in discussing the statutory duty of the board of supervisors to let a contract to the lowest bidder, says: "It does not seem possible that the legislature intended to take from the supervisors all discretion as to the making of contracts for the people of the county. Suppose, from accident or design, it should happen there was but one bid, and that was for a grossly exorbitant price; could it be said that the board must nevertheless award the contract? Such construction would turn a statute intended for the protection of the public into an instrument of fraud and robbery." In *People v. Board, supra,* the statute provided that the board should make the award "to the lowest bidder who shall give adequate security for the performance of the contract," which is, in effect, precisely the duty placed upon the auditor in the case now before us. Construing that statute, the court, while intimating that in its judgment the plaintiff's bid was lowest, and that he should have been awarded the contract, denies his right to mandamus, saying: "The powers conferred upon the board necessarily involved

and implied an exercise of discretion, although it seems exceedingly clear what decision their duty required them to make in this case. But they are to determine who is the lowest bidder, and what is adequate security. * ·* * The principle is well settled that whenever the act requires the exercise of discretion this remedy will not lie. There must be a clear legal right not merely to a decision in respect to the thing sought, but to the thing itself. * * * The relator has no contract,—no right to any specific act free from all discretion in the contracting board." It may easily, result, also, that the same act which is ordinarily purely ministerial may at times be accompanied by circumstances which require the exercise of discretion, and that, while mandamus will lie in the former instance, it will not in the latter. *Marcum v. Commissioners,* 42 W. Va. 263 (26 S. E. Rep. 281, 36 L. R. A. 296). In that case the statute required the ballot commissioners to place upon the ballot, under the appropriate party heading, the name of every candidate which was certified and filed in the manner provided by said act. It so happened that for one office two different persons presented certificates in due form, each showing himself apparently entitled to the same party nomination to the same office. The commissioners decided in favor of one, and the other, claiming to be the regular nominee, asked a writ of mandamus to compel the placing of his name upon the official ballot as the regular candidate. The court held, in effect, that in the absence of any contest the duty of the commissioners to place a duly certified name upon the ballot is ministerial only, and may be controlled by mandamus, yet, where more than one candidate presented credentials for the same place upon the same ticket, the determination of the controversy involved the exercise of judgment and discretion, and the writ should be denied. The facts in the present case bring it, to some extent within the principle of the opinion just cited. The auditor was confronted with two parties presenting bids, and both

claiming to be entitled to an award of the entire work. He had in the first place to examine the form and substance of the so-called bids, to determine whether they were entitled to any consideration whatever. It devolved upon him to interpret the language in which the bids were couched, and to compare the items in one with the corresponding items in the other. It was for him to pass upon the adequacy of the bond which the statute required of the successful bidder, and pass upon the qualification of the sureties. All these things are to be settled before the contract can be made, and they call for the exercise of judgment and discretion to such a degree that, in our opinion, the demand for a writ of mandamus cannot be sustained. The position occupied by plaintiff in this record illustrates the force, if not the necessity, of the rule which we have announced. He comes into court claiming first that the construction company's bid should be given no consideration, and that he is therefore entitled to a contract for all the work; and then, casting an anchor to the windward, he avers that, if mistaken in that respect, he is at least entitled to be awarded eight-twentieths of it. This shows that in his own mind a serious doubt existed as to the extent of his rights and of the auditor's duty in the premises. If he, an interested party, was forced to acknowledge the doubtfulness of his position, how much more embarrassing the position of the auditor who was required to take the responsibility of deciding the doubt! The right which calls for mandamus must be clear, unequivocal, and free from doubt. See the very full citation of cases in 19 Am. & Eng. Enc. Law (2d Ed.) 727. For this reason, if for no other, the writ should be denied.

II.   The granting of a writ of mandamus is not a matter of right, and rests very largely within the discretion of the court.  *Chance v. Temple,* 1 Iowa, 179; *State v. Stevens,* 23 Kan. 456; *Board of Education of City of San Diego v. Common Council of City of San Diego,* 128 Cal.

369 (60 Pac. Rep. 976); *Union Pac. Railroad Co. v. Hall,*
91 U. S. 343 (23 L. Ed. 428). It is true that
such discretion must not be abused or exercised arbi-
trarily; but the rule that the order of the trial court
upon an application of this kind will not be disturbed is
so well established that it has often been held no appeal will
lie therefrom unless it plainly appears that, the complaining.
party has a clear legal right at stake, and no other adequate
remedy at law exists. 2 Encyclopedia, Pleading and Practice,
132. There is, in our judgment, no such showing of un-
doubted legal right on behalf of the plaintiff, nor such lack
of adequate remedy at law, as renders the denial of the
writ an abuse of discretion on the part of the court below.

III. Even conceding him to be the lowest bidder, plain-
tiff has no such interest in, the letting of the contracts as
will entitle him to this extraordinary remedy. If he be
correct in his claim that his bid entitled him to the
award as a matter of legal right, he has his action
at law for damages. He is not suing, as a citizen
or taxpayer, to protect public rights, but to force the auditor,
as a representative of the taxpayers, to enter into a con-
tract with him, out of which he hopes, very properly, to earn
a profit. If dealing with a private individual under like
circumstances, no court would think of employing man-
damus to compel the execution of a contract, but would re-
mand the complaining party to his action for damages.
No stronger reasons exist why such remedy should be granted
against a municipal corporation or public officer, where
no public interest is sought to be protected. If plaintiff is
wrongfully deprived of the contract to construct this ditch,
his damages are as easily ascertained and measured as though
he had been deprived of a contract which he had obtained
to build a private dwelling or to grade a railroad. In a
neighboring state the rule is laid down that mandamus will
lie only where the case presents these two requisites,—the
legal duty imposed upon the defendant to do the thing de-
manded, and pecuniary injury, which cannot be compensated

in damages, resulting to plaintiff from defendant's refusal. *People v. Association,* 98 Ill. 635. In *People v. Campbell, supra,* the plaintiff was the lowest bidder for certain work being let by the city of New York, and, having furnished the requisite bond, brought mandamus to compel the awarding to him of the contract. It is there held that: "If the proceedings were all regular and conducted according to law, as is asserted, and the relator has in all respects conformed to the provisions of the city charter, he has a right of action against the city for all damages which he has sustained by reason of the refusal of the commissioner to execute and carry out the contract. No rule is better settled by the decisions of the courts than that in such case mandamus will not lie." In *State v. Board, supra,* the Wisconsin court has said: "The statutory provision requiring the contract to be let to the lowest bidder is for the benefit and protection of the public, and not of the bidders." The same principle has been suggested, if not directly affirmed, by this court, in the case of *Welch v. Board,* 23 Iowa, 199. See, also, *Anderson v. Board,* 122 Mo. 61 (26 L. R. A. 711 s. c. 27 S. W. Rep. 610), where the annotator, after citing largely from these cases, says (note 1): "Mandamus in favor of the lowest bidder will seldom be granted, and the refusal is based on various grounds,—as discretion in the awarding board, or that the remedy is adequate at law, or that the provision of law requiring the contract to be let to the lowest bidder is for the benefit of the public, and not for the contractor." The principles thus announced are reasonable, and work injustice to no one.

IV. Counsel for appellant urge that some of the questions discussed in the preceding subdivisions of this opinion are not presented by the demurrer. In its order sustaining the demurrer the district court mentions only the first ground thereof, which has already been sufficiently stated, but that fact does not necessarily limit our review to that single proposition. It is our duty to examine the petition as a whole, and if, in our opinion,

it clearly fails to state a cause of action, then the ruling below will stand, even though we do not concur with that court in the reasons given for it.   It is from the judgment that the appeal is taken, and not from the reasons which operated upon the mind of the court in rendering it.   If, therefore, it appears from an examination of the record that the judgment is right, the mistake, if any, in stating the grounds thereof, does not constitute reversible error.   *Jamison v. Perry,* 38 Iowa, 18; *Whiting v. Root,* 52 Iowa, 302; *Childs v. Dobbins,* 61 Iowa, 114; *Christy v. Stafford,* 123 Ill. 463 (14 N. E. Rep. 680); *Kauffman v. Maier,* 94 Cal. 276 (29 Pac. Rep. 481, 18 L. R. A. 124).

The judgment of the district court is AFFIRMED.