MARTIN NEILAN, Appellant, v. BOARD OF DIRECTORS OF INDE-
PENDENT SCHOOL DISTRICT OF SIOUX CITY et al., Appellees.

**SCHOOLS AND SCHOOL DISTRICTS:** Course of Study—Discretion—
Mandamus. The directors of a school district have a fair discretion
as to the method to be employed in teaching a subject which the
electors have directed to be taught—a discretion not controllable
by mandamus. (See Book of Anno., Vol. 1, Sec. 12441, Anno. 1
*et seq.*)

Headnote 1:   38 C. J. p. 731; 35 Cyc. p. 1125.

*Appeal from Woodbury District Court.*—ROBERT H. MUNGER,
Judge.

OCTOBER 27, 1925.

ACTION in mandamus, to compel the board of directors of
an independent school district to teach bookkeeping in the
graded schools, in pursuance of a vote of the electors of the
district. The trial court found that the board was complying
with the direction of the electors, and dismissed the petition.
Plaintiff appeals.—*Affirmed.*

   *Martin Neilan,* for appellant.

*Marks & Marks,* for appellees.

VERMILION, J.—The action is by a taxpayer in the Inde-
pendent School District of Sioux City against the board of
directors of the district, to compel by mandamus the teaching
of bookkeeping in the graded schools of the district. The ques-
tion whether bookkeeping should be added to the branches taught
in the graded schools of the district was, upon petition, sub-

mitted to the voters of the district at the annual meeting held March 11, 1918, and carried by a majority vote. This was in pursuance of the provisions of Section 2749, Code of 1897 (Sections 4217 and 4218, Code of 1924). The district maintains what is known as a junior high school. It is attended by pupils of the seventh and eighth grades proper, and the ninth grade, or what had formerly been the first year in the high school.

The evidence shows that in the seventh and eighth grades bookkeeping is required of all pupils, and that it is taught by the use of a book in which the pupil is required to keep an account of all cash he or she receives, and its disbursement. The book is so prepared as to show the different sources from which cash is received, and the items for which it is expended; and both receipts and expenditures are further classified under appropriate headings. The book is supplemented by oral instruction from the teachers. In the ninth grade, an advanced course in bookkeeping is optional.

Appellant's complaint is that bookkeeping can only be taught by the use of a daybook, journal, and ledger, and that this is not done in the seventh and eighth grades.

The evidence shows that the instruction given and the book and method used are suitable for pupils of the age and advancement of those in the seventh and eighth grades, and that pupils in those grades are too immature and not sufficiently advanced to receive instruction in complete or double entry bookkeeping. Moreover, the board of directors is required by statute (Section 2772, Code of 1897; Section 4250, Code of 1924) to prescribe courses of study for the schools of the corporation. Some discretion is vested in the board as to the character of the course of study and the method by which it shall be taught, even in a branch that the electors have directed by proper vote shall be taught. *Templer v. School Township*, 160 Iowa 398; *Kinzer v. Directors of Ind. Sch. Dist.*, 129 Iowa 441.

It is statutory that:

"Where discretion is left to the inferior tribunal or person, the mandamus can only compel it to act, but cannot control such discretion." Section 4341, Code of 1897 (Section 12441, Code of 1924).

The board is carrying out the mandate of the electors to

teach. bookkeeping in the graded schools; and its selection of the books to be used, the methods employed, and the character of the instruction suitable for the pupils, is an exercise of discretion not to be controlled by mandamus.

The judgment is right, and is—*Affirmed.*

FAVILLE, C. J., and STEVENS and DE GRAFF, JJ., concur.