E. JANE DRIVER, Appellee, v. INDEPENDENT SCHOOL DISTRICT of Sioux City, Appellant.

No. 44002.

November 16, 1937.

Rehearing Denied February 18, 1938.

Shull & Stilwill, for appellant.

Brackney & Burington, for appellee.

Hamilton, C. J.—This is a suit in equity wherein plaintiff asks for a mandatory injunction to compel the defendant to reemploy her as a teacher in its public schools, in order to enable her to complete the requisite number of years of teaching to be eligible to participate in a pension or annuity retirement system.

The petition is in two counts or divisions. In division 1, plaintiff sets forth the fact that she has been continuously teaching for nearly 30 years, 18 years of which were spent in continuous employment as a teacher in the public schools of the Independent School District of Sioux City; that such employment

was under annual contracts, the last of which expired in June, 1936; that she is of the age of 55 years and holds a life certificate to teach; that during all the time she had been teaching in the public school system of the defendant no complaint or objection was made as to her ability or qualification; that on or about April 28, 1936, she had a communication from the superintendent of schools of said defendant, advising her that her name would be omitted from the list of teachers submitted for reelection for the following school year, and stating that the superintendent would be glad to discuss the matter with plaintiff at her convenience; that, being qualified to teach, and there having been no complaints made concerning her teaching, by reason of her age and long connection with the public school system of the defendant, it was unjust, unreasonable, and unfair, and an unwarranted action on the part of the defendant and its superintendent to dismiss plaintiff from its employment; that she has no plain, speedy, or adequate remedy at law; that the action of the board was in bad faith and done maliciously and wilfully, and that she will suffer irreparable loss if the board is not compelled to re-employ her; and plaintiff prays that the court enter an order for immediate hearing upon her application to have the contract for her employment renewed or extended, that a mandatory injunction issue upon such notice as the court may fix, requiring the defendant to enter into such reasonable contract with the defendant as the court may dictate, and that she be given such other and further relief as may be just and equitable.

By division 2 of her petition she incorporates the allegations of division 1 and further alleges that her employment since May 16, 1927, has been under a contract providing for annuity retirement benefits, setting forth a copy of such contract and the articles by which the pension system was established and adopted, and alleges that under the terms of said retirement benefit system, when she as a teacher complying with said requirements had completed thirty years of teaching, of which ten years or more should be in the school system of the defendant, she would be entitled to a pension or annuity retirement of $600 a year, payable $50 a month, as set forth in said contract; that, in pursuance of the rules adopted, a certain percentage of plaintiff's salary, amounting in all to $150.39, had been taken out of her salary and paid into this fund. She then alleges that she is

"advised and believes and states upon information the fact to be that when she has paid the balance of $49.61, into said retirement fund hereinbefore mentioned, that she is entitled to all the provisions under said retirement benefit, and, therefore, tenders to the defendant and the court the sum of $49.61, which sum the defendant has stated is the balance due under said fund." She then charges that the defendant district, through its officers and agents, was aware of the fact that the plaintiff was within six months of being entitled to the retirement under said annuity benefit provisions and that, in bad faith and in derogation of the rights of the plaintiff, the defendant deliberately, maliciously and without excuse refused to employ her for a further period of time for the express purpose of avoiding any liability to the plaintiff under said pension or retirement benefits, as incorporated in plaintiff's contract of employment, and that in equity and good faith the defendant should be compelled to keep the plaintiff in its employ so that she will be entitled to retirement benefits upon completing the years of teaching required under said contract, and that the action of the defendant in dismissing the plaintiff or releasing her from its employment was in bad faith and unjust. Plaintiff therefore prays that the court order the defendant to enter into such contract of employment with the plaintiff as may be just and equitable and such as will adequately preserve her rights under said retirement benefit provisions of the contract, and that she be given such order and further relief as may be just and equitable, and that as she is unable to get further and other employment, that the court set the matter of the mandatory injunction for hearing upon such terms as the court may in justice and equity require.

It will thus be observed from the allegations of the petition and the prayer for relief that the thing sought for was re-employment, so that the plaintiff could complete her necessary years of service to enable her to receive benefits under the pension system. The trial court held that the question of the continued employment of the plaintiff was a matter wholly and solely within the discretion of the board of education of said district and that the court is without power or authority to direct the manner in which said discretion shall be exercised, and as we view the pleadings and issues presented thereby this should have ended the lawsuit. However, the trial court, in an effort to do what he conceived to be the duty of the board of

education to do, went entirely outside of the pleaded issues in the case and held that plaintiff had substantially complied with the requirements under said system and was only prevented from completing full compliance therewith by the acts of the board of education in failing to re-employ her, and that she was therefore entitled to participate in said fund, and entered judgment and decree accordingly. The court said: "The court cannot compel the renewal of contracts. It can protect one who has served approximately the full limit of time provided by the pension and annuity retirement system under the provisions for pro-ration set up in the rules and regulations governing the disbursement of the fund."

Both parties have appealed. The defendant having perfected its appeal first will be referred to as the appellant, and the plaintiff as appellee. The appellee's appeal presents only the question of the failure of the court to require the re-employment of the plaintiff. The defendant's appeal raises the question that mandamus will not lie to control or review the exercise of a discretion, nor compel performance of an act unless the right is clear, and that the discretion vested by law in school authorities as to persons whom they shall employ as teachers cannot be controlled by mandamus, and that under the provisions of section 12441 of the 1935 Code, where discretion is left to an inferior tribunal or person, mandamus can only compel it to act, but cannot control such discretion.

■■■ The trial court was correct in holding that the matter of employment of teachers lies wholly within the discretionary power vested in the board of directors. This conclusion is borne out by the following authorities: Section 12441, Code, 1935; 38 C. J. pages 689, 691, 695; Neilan v. Board of Directors, 200 Iowa 860, 205 N. W. 506; Drew v. School District, 146 Iowa 721, 125 N. W. 815. That portion of the court's decree which finds for the plaintiff and awards her judgment for benefits under said pension system, as we view the pleadings, is entirely outside of the issues presented, and hence cannot be sustained.

■■■ This pension system was created by the defendant district in May, 1927, under the provisions of chapter 387, Acts of the 37th General Assembly, now contained in sections 4345 to 4347, inclusive, of the 1935 Code of Iowa. Briefly stated, the provisions of the law are as follows: Section 4345, Code of 1935, provides power and authority in an independent school district

having a certain population to establish a pension and annuity retirement system for the public school teachers of that district; and section 4346, Code of 1935, provides the method of creating the fund, authorizing an assessment of the teachers in the school district not exceeding a certain per cent of their salaries in a given school year, and by proceeds derived from an annual tax levy and from interest on any permanent fund which may be created by gift, bequest, or otherwise. By section 4347, the management is placed in the board of directors of the district, which are constituted a board of trustees to formulate the plan of the retirement, and to make all necessary rules and regulations for the operation of said retirement system.

Pertinent provisions of the rules promulgated by the Independent School District of Sioux City are as follows: "Section 3. Basis of Application. Paragraph 1. Any person who has been regularly employed for an aggregate period of 30 years as a public school teacher, 15 years of which employment must have been by this school district, and who has reached the age of 55 years, becomes entitled to a pension of $500.00 per year, provided said applicant has paid a total of $200.00 into said fund, * * * by filing a request therefor showing the basis thereof with the Board of Education, subject to the conditions and terms herein otherwise provided or as the same may be amended. * * * Paragraph 3. In case of mental or physical disability or for any other reason which in the opinion of the Board of Education shall impair the effectiveness of a teacher to such a degree that the retirement of said person is for the best interests of said Independent School District, such teacher after ten years or more of aggregate years of experience, ten years of which shall have been in the public schools of Sioux City, Iowa, as a public school teacher, may be retired on a pension, the amount of which shall bear the same ratio to $500.00 as such employee's aggregate term of service shall bear to 30 years. Section 4. Fund Pro-Rated. In the event that the current fund provided herein shall at any time be insufficient to pay the benefits allowed the amount shall be pro-rated and each beneficiary paid his proportionate amount, and that shall be accepted in full settlement of the claims for that year. * * * Section 9. * * * No teacher shall have any vested interest in or to the funds created or any part thereof. * * *"

The evidence shows without dispute that at the time the

board determined not to re-employ the plaintiff, she only lacked about six months of completing the necessary 30 years as a public school teacher, and that the last 18 years thereof had been continuously in the defendant district; that she had been assessed or subjected to deductions from her salary under said system, ever since it was adopted, of one per cent, or a total of $150.36. The evidence is in conflict with reference to her age. Upon the trial as a witness she testified that she was born November 19, 1880; whereas in her original application made for employment in the schools of the defendant district in the year 1918, she gave her age at that time as 32, and the board of directors have always acted on the assumption that her age was correctly given in the original application, and had no knowledge to the contrary.

Under the rules, in order to be eligible to a $500 per year pension, the applicant must have paid into the fund $200. The amount which the plaintiff had paid in fell short of this amount by the sum of $49.61. This she tendered into court. But the record does not disclose that she ever filed with the board of education a request for a pension, as required by the rules promulgated by the board of trustees. There is no claim in the petition that plaintiff has fully complied with the rules and regulations, or that she is, as a matter of legal right, entitled to a pension of $500 per year, even if she had made proper request therefor.

There does seem to be a provision under section 3 intended to cover certain exceptional cases where the teacher has not taught the full time. This section provides: "In case of mental or physical disability, or for any other reason which in the opinion of the Board of Education shall impair the effectiveness of a teacher to such a degree that the retirement of said person is for the best interests of said Independent School District, such teacher after ten years or more of aggregate years of experience, ten years of which shall have been in the public schools of Sioux City, Iowa, as a public school teacher may be retired on a pension." It does not appear from this record that the plaintiff ever made application to the board for pension benefits. It may be that if this matter is properly brought before the board of education for action, that the board could and would find authority in this section to award to the plaintiff retirement benefits. We do not feel, however, that the trial court was at liberty

under the issues presented to go into this matter; neither has this court any desire to usurp the province of the board of education and voluntarily, under the guise of inherent equitable power, exercise the duty vested in the first instance in the board of education.

We have gone over this record carefully, and there is absolutely no evidence of bad faith or intentional wrong on the part of the board of education. Neither is there any evidence that the failure to employ the plaintiff was to prevent her from becoming a charge upon this pension fund. In fact, the evidence is conclusive that the only knowledge the board had of the plaintiff's age was that contained in her original application, made some 18 years ago, when she first applied for a position in the schools. The age given at that time would make her age at the time they failed to re-employ her about 51 years, or more than four years short of the required age of 55 provided for by the rules and regulations adopted by the board under said retirement system. This completely refutes the charge of the appellee that the board was actuated by bad faith or fraud in failing to re-employ the plaintiff, and that its action was unfair, willful, and done with the intention of preventing the plaintiff from obtaining a pension under said annuity retirement system. In fact, one or two members of the board frankly intimated that, had they known the plaintiff was within six months of the age entitling her to participate, they would probably have voted to retain her until she became eligible to benefits. Their lack of exact knowledge on this point is due wholly to the fault of the plaintiff, and not that of the board, in that she misstated her age in the first instance; and her employment in the first instance and at all times since has been under the assumption that she was about five years younger than she now claims to be.

We feel called upon to say that this estimable lady who has spent nearly thirty years in the teaching profession, and was employed in the schools of the defendant district at the time the retirement benefit system was adopted, is entitled to fair consideration by the board of education, and we have no right to assume that the board will shirk its duty or do anything inimicable to any rights which the plaintiff may have under the provisions of said pension benefit system, notwithstanding any feeling that may have been engendered on account of this litigation. At least this court has no right to assume in advance

that, when the matter is properly presented to the board, it will not give to the claims of the plaintiff its careful consideration, and that the board will not take into account the long years of service in the teaching profession, eighteen years of which have been in the Independent School District of Sioux City, and will not consider the advanced age of the plaintiff in connection with her ability to secure future employment in her chosen profession, and will not give due consideration to the provisions of paragraph 3 of section 3, wherein it is provided that "in case of mental or physical disability *or for any other reason* which in the opinion of the Board of Education shall impair the effectiveness of a teacher to such a degree that the retirement of said person is for the best interests of said Independent School District," etc. (Italics ours.)

For the reasons indicated, the decree of the trial court, wherein it grants annuity benefits to the plaintiff, is reversed, and on plaintiff's appeal the cause is affirmed.—Reversed on defendant-appellant's appeal; affirmed on plaintiff-appellee's appeal.

KINTZINGER, ANDERSON, STIGER, MITCHELL, SAGER, DONEGAN, and PARSONS, JJ., concur.