STATE EX REL. FROUGE CONSTRUCTION COMPANY, INC. *v.* THE HOUSING AUTHORITY OF THE CITY OF BRIDGEPORT

SUPERIOR COURT      FAIRFIELD COUNTY      FILE No. 89192

Memorandum filed March 27, 1953.

*Goldstein & Peck,* of Bridgeport, for the Plaintiff.

*Frank Habansky,* of Bridgeport, for the Defendant.

MELLITZ, J. This is an application for a writ of mandamus directing the respondent housing authority to make a contract with the relator for certain construction work on a public housing project in the city of Bridgeport, described in the application.

The following facts are not disputed. In July, 1952, the housing authority had in the process of construction a state moderate rental housing development, known as "Beardsley Terrace" or Project Conn. MR-40, consisting of thirteen buildings and a central heating plant. The work was being performed by The E. & F. Construction Company, Inc., under a contract which provided for the use of a change order to add or subtract from the work contracted for. The housing authority proposed to extend the project by the erection of three additional buildings of the same type as those under construction, and applied to the state public works commissioner for approval of a contract with The E. & F. Construction Company for the erection of the three additional buildings, under a change order, at the same unit cost. The housing authority was informed that approval could be had only on condition that the extension of the project be let on the basis of competitive bids. On January 28, 1953, the housing authority caused to be published an "Invitation to Bidders" soliciting bids for the construction of "Beardsley Terrace Extension" or Project Conn. MR-40 Extension, consisting of three buildings. The invitation contained a specific provision reserving to the housing authority the right to reject any or all bids. On February 13, 1953, the housing authority held a public hearing at which were opened the bids received in response to its published invitation. There were three bids, one of which was submitted by The E. & F. Construction Company. The lowest bid was that of the relator. At a meeting of the housing authority held February 16, 1953, it was voted "that the bids, as received and opened on February 13, 1953, for the construction of Project No. MR-40 Ext., be rejected as unreasonable." No question has been raised as to the financial responsibility of any of the bidders.

The housing authority functions under the provisions of chapter 52 of the General Statutes. Section

205b (g) of the 1951 Cumulative Supplement provides that all contracts to be made or let for work shall be awarded to the lowest responsible bidder, but that "[t]his requirement may be waived by vote of the authority when the public interest shall so require, provided the reasons for such waiver shall be set forth and made public."

The claim of the relator is that the provision of the law requiring that contracts be awarded to the lowest responsible bidder is mandatory and that, there being no question as to the financial responsibility of the relator, the housing authority is obligated by law to award the contract to the relator. This overlooks the qualifying clause that the provision in question may be waived when the public interest shall so require. Requirements of the law that contracts for public work shall be awarded to the lowest bidder are intended for the protection of the public rather than for the benefit of bidders for such contracts. *Colorado Paving Co.* v. *Murphy,* 78 F. 28; *Vincent* v. *Ellis,* 116 Iowa 609. Here the housing authority has concluded that all of the bids submitted in response to its invitation should be rejected as "unreasonable." A reason has thus been assigned by the authority for its failure to award the contract to the lowest bidder or to any bidder, fulfilling the requirement of the law that the reasons for a waiver shall be set forth and made public.

In its brief the relator recognizes the right of the housing authority to reject all bids when all of them are clearly unreasonable, provided a rejection on this ground is made in good faith. The question is whether, in rejecting all bids, the housing authority acted in good faith, or whether it acted arbitrarily and in abuse of its powers. What factors entered into the determination by the housing authority that all of the bids were unreasonable does not appear. It must be presumed that its action resulted from a

consideration of all of the factors involved in the situation, and in the public interest. Public officers in awarding contracts for the construction of public works are vested with wide discretion, and their decision, when based upon an honest exercise of the discretion thus vested in them, will not be interfered with by the courts. 43 Am. Jur. 786. There is a presumption that they have acted with fair and proper motives, skill and sound judgment, upon valid reasons and not arbitrarily. *Cusano* v. *Dunn,* 137 Conn. 20, 24. The facts presented may suggest that the action of the housing authority was influenced by considerations other than the unreasonableness of the bids, but they fall far short of furnishing a basis for the writ sought, in view of the discretionary powers vested in the authority. " 'With the exercise of discretionary powers courts rarely and only for grave reasons interfere. These grave reasons are found only where fraud, corruption, improper motives or influences, plain disregard of duty, gross abuse of power, or violation of law, enter into or characterize the result. Difference in opinion or judgment is never a sufficient ground for interference.' " *State ex rel. Harrison* v. *Wilson,* 116 Conn. 36, 43.

The application for a writ of mandamus is denied.