## AUDITORIAL BOARD v. BIRD D. HENDRICK, ADMINISTRATOR.

A mandamus did not lie to compel the Auditorial Board to allow a claim which had been rejected by them as invalid.

Error from Travis. Hon. Thomas H. DuVal presiding in the Court below.

The judgment went by default. It appeared from the petition and exhibits, that the claim had been made in 1836 for $2,848 90, and audited for $2,000 only, which had been paid. The other facts are stated in the Opinion.

*Attorney General*, for plaintiff in error, cited Auditorial Board v. Arles, 15 Tex. R. 72.

*S. C. Blanton*, for defendant in error. This case and the case of the Auditorial Board v. Arles, are not similar. We only ask that the officers be compelled to issue a certificate on a claim already audited and allowed.

ROBERTS, J. Defendant in error presented to the Board an audited claim of I. W. Burton for $848\frac{90}{100}$, and as being the balance of his share of the prize money awarded to him as commander of a battalion of Rangers, for the capture (by him and seven of his men) of the cargoes of the schooners Comanche and Fanny Butler. The claim was rejected by the Board, as is stated in their indorsement, as shown by the petition, " for want of the proper evidence to substantiate the claim, the claim of I. W. Burton for prize money having been paid in full by the late Republic."

This Board acted under the authority of the Legislature for the purpose of ascertaining and graduating the public debt. (Hart. Dig. Art. 2714-5.) In performing the duty imposed on it, judgment and discretion were necessarily exercised in determining the validity of the claim, and in fixing its value, according to the terms prescribed for its action. In the case before the Court it was determined, that the claim was not a valid, subsisting claim against the late Republic. It may well be presumed that the public authority, intrusted with this high duty by the Government, would carefully examine into the merits of this claim, based, as it is, upon one of the most brilliant achievements of the Texas revolution. In the case of Auditorial Board v. Thomas B. Arles (15 Tex. R. 72,) it is said by the Court : " The Board having acted on the claim, and the law not providing any remedy, a mandamus ought not to have issued. The most that could be claimed on a mandamus was, that the Board should act on the claim ; and the fact shown in the petition, that the claim had been acted upon by the Board, was sufficient ground, on which the application should have been refused by the Court below." No authority has been shown, nor reasoning adduced, for applying any different principle to the case now before the Court, and it is believed that the case referred to is decisive of this. Judgment below is reversed and petition dismissed.

Reversed and dismissed.