## W. M. McDonald et al. v. Cecil A. Lyon.

### Decided June 16, 1906.

**1.—Political Party—Executive Committee—Powers—Injunction.**

In a suit to enjoin the Chairman of the Executive Committee of the Republican party in Texas from calling a State convention of said party, on the ground that the action of said committee was illegal, and the individual members of said committee were disqualified from acting, and the place selected was practically inaccessible to a large majority of the members of said party, it appearing that no property rights were involved, a demurrer to the bill was properly sustained and the suit dismissed. A court of equity will not undertake to supervise the acts and management of a political party for the protection of a purely political right.

Appeal from the District Court of Grayson County. Tried below before Hon. B. L. Jones.

*William H. Allen,* for appellants.—The appellants, as members of the Republican party in Texas, have the right to maintain this suit, notwithstanding the fact that the illegal act complained of is a public injury; for the reason that they show that they are thereby threatened with an injury peculiar to themselves, in that they allege that if said illegal act be carried into effect they will each, in order to exercise their rights and privileges as the members of said party be forced to the necessary expense and time and trouble of going a greater distance from their homes to attend the State convention of their party than they would otherwise be required to do. Williams v. Davidson, 43 Texas, 1; Shephard v. Barnett, 52 Texas, 638; San Antonio v. Strumberg, 70

Texas, 366; Nalle v. City of Austin, 21 S. W. Rep., 374; Smith v. Swormstedt, 16 Howard, U. S., 302; Milhau v. Sharp, 27 N. Y., 611, 84 Am. Dec., 314.

It is well settled that where an act, although political in its nature is ministerial, requiring the exercise of no discretion to be performed, a court of equity has full jurisdiction to grant relief. Evans v. Santana Live Stock and Land Co., 81 Texas, 622; Bourgeois v. Mills, 60 Texas, 76; Simkins on Injunctions, 478; 5 Pom. Eq. Jur., 309, 328, 329; Board of Liquidation v. McComb, 92 U. S., 531, 541; State v. Cunningham, 81 Wis., 440.

*Wolf, Hare & Maxey, J. W. Ownby* and *William H. Atwell,* for appellee.—In all countries subject to common law, no action lies to restrain or interfere with mere public rights at the suit of an individual who has not suffered or is not threatened with some damage peculiar to himself. As applied to public measures, the doctrine is elementary. City of San Antonio v. Strumberg, 70 Texas, 366; Hulse v. Powell, 51 S. W. Rep., 862.

A court of equity on application for injunction will not try and determine cases involving the title to an office. Caruthers v. Harnett, 67 Texas, 131; 5 Pomeroy's Equity, sec. 333.

An injunction will not issue for the purpose of restraining the holding of an election, or of directing or controlling the mode in which, or of determining the rules of law in pursuance of which an election shall be held. An election is a political matter, with which the courts of equity have nothing to do. Winnett v. Adams, 99 N. W. Rep., 681; 5 Pomeroy's Equity, secs. 324, 329. 331, 332, 333, 335, 338; Alderson v. Commissioners of Kanawha Co. Ct., 5 Law Rep. Ann., 334; Simkins Equity, pp. 51, 447; McAllen v. Rhodes, 65 Texas, 348; Hardesty v. Taft, 87 Am. Dec., 584; Allen v. The State, 68 Am. Dec., 457; 2 Beach Equity Jurisprudence, sec. 670.

BOOKHOUT, Associate Justice.—This suit is for an injunction by the appellants to restrain the appellee, who is the chairman of the State Executive Committee of the Republican party in Texas, from issuing his call as such chairman for the next State Convention of said party to be held in the city of El Paso, Texas, which the bill alleged he was about to do in obedience to an order of the Executive Committee of said party. The allegations of the original and supplemental bill are in substance:

1st. That the plaintiffs are members of the Republican party in Texas and reside respectively in Kaufman, Hunt, Dallas and Victoria Counties, each living at a distance of more than six hundred miles from the city of El Paso.

2d. That on the 8th day of May, 1904, the Executive Committee of the Republican party of Texas purported to act in the selection of a place for the next State Convention and purported to select the city of El Paso as the place of such meeting; that said State Executive Committee is vested with authority to select such place of meeting, but the law provides that the meeting of the Executive Committee at which such selection is to be made shall be held on the second Monday in

June, and further provides that no one shall act as chairman of such Executive Committee or as a member of such committee who holds an office of profit or is a candidate for an office of profit under the United States; that the said action of said Executive Committee in considering and determining said place of meeting was illegal in that the meeting was held before the time authorized by law and that the members participating in said meeting were all officers or candidates for office of profit under the United States, naming the several members of the committee and the offices held by them or for which they were candidates and that the defendant himself was disqualified from acting as chairman of said committee at the meeting held, in that he was an officer of the United States holding an office of profit at the time of said meeting, it being alleged that he was at said time the duly appointed and acting receiver of a corporation under appointment of the United States Circuit Court.

3d. That it has been determined by the Republican party that it will hold no primary elections for State officers in this State this year and that its candidates for State offices shall be nominated by the said convention provided by the law to be held on the second Tuesday in August next.

4th. That a majority of the members of the said State Republican Executive Committee who are qualified by law to act would select a central place in the State for holding said State Convention, more convenient and accessible to ninety percent of the members of the Republican party and to the plaintiffs in particular, than the place purported to be selected by the said illegal meeting and illegal action of the said Executive Committee.

5th. That if said State convention be called by the defendant to meet at El Paso as directed by the said illegal determination and decision of the said Executive Committee, it will necessarily entail upon the plaintiffs great expense and loss of time and will operate as an irreparable injury to a great majority of the Republican party and to the plaintiffs in particular.

6th. Plaintiffs prayed for an injunction restraining defendant from issuing said call and from convening the Executive Committee prior to the second Monday in June for the purpose of selecting the place for holding said State Convention and from further acting as chairman of said Executive Committee so long as he holds the office of receiver, and that on final hearing they have a decree perpetuating such injunction and for general relief.

The defendant demurred to the bill on the grounds that the plaintiffs were not entitled to the relief sought and that the matters complained of were political and discretionary, and plaintiffs had no such interest in the matter in controversy as entitled them to the relief sought, and that the court was without jurisdiction to hear and determine said cause, which demurrers were sustained by the court, and plaintiffs declining to amend, judgment final was rendered against them dismissing said bill, and from said judgment they prosecute this appeal.

Did the court err in sustaining the exceptions to the petition and in entering judgment dismissing the case? The appellants contend that

as members of the Republican party in Texas they have the right to maintain this suit, notwithstanding the illegal act complained of is a public injury, for the reason that they show that they are thereby threatened with an injury peculiar to themselves in that they allege that if said illegal act is carried into effect they will each, in order to exercise their rights and privileges as members of said party, be forced to the necessary expense, time and trouble of going a greater distance from their homes to attend the State Convention of their party than otherwise they would be required to do. It is conceded that the Executive Committee of the Republican Party of Texas is vested by law with power to select the place for holding its State Convention, but it is contended that such committee having selected the city of El Paso, a place located over six hundred miles from the residences of petitioners, works a special injury to them. Is this contention sound? It is not shown that either of said petitioners is a member of the Republican State Executive Committee, or that either of them is a prospective candidate for office to be voted for in the Republican primaries. No property rights are involved. It is not alleged, except inferentially, that either of appellants excepts to or contemplates attending the Republican State Convention.

In the case of San Antonio v. Strumberg, 70 Texas, 368, the plaintiff sought to enjoin the construction of a city hall on an open space known as the "Military Plaza" in the city of San Antonio. The plaintiff was a property owner and taxpayer in the city, but his property did not abut on the plaza and it did not appear that he was specially injured by the obstructions that were about to be placed thereon. It was held that where the injury inflicted is of a character which affects the public generally, and inflicts no special wrong to the individual the suit must be brought by those who are entrusted with that duty by the Legislature. In that case the court say: "It is a principle established by the overwhelming weight of authority in the courts of all countries subject to the common law, that no action lies to restrain an interference with a mere public right at the suit of an individual who has not suffered, or is not threatened with some damage peculiar to himself." This holding is conclusive of appellants' contention. It appears that the injury of which appellants complain is one common to ninety percent of the members of the Republican party in Texas. The appellants fail to show that they have suffered or are threatened with such special damage peculiar to themselves as entitles them to equitable relief. (Hulse v. Powell, 51 S. W. Rep., 862.)

Again, there was no error in sustaining the demurrers to the petition and dismissing the cause, for the reason the petition seeks an injunction of rights which are merely political. A court of equity will not undertake to supervise the acts and management of a political party for the protection of a purely political right. As was stated in Fletcher v. Tuttle, 37 N. E. Rep., 686 (Ill.), quoting from Kerr on Injunctions: "It is elementary law that the subject of the jurisdiction of a court of chancery is civil property. The court is conversant only with the questions of property and the maintenance of civil rights. Injury to property, whether actual or prospective, is the foundation on which the jurisdiction rests. The court has no jurisdiction in matters merely

criminal or merely immoral, which do not affect any right of property. Nor do matters of political character come within the jurisdiction to interfere with the public duties of any. department of government, except under special circumstances and where necessary for the protection of property rights."

A court of equity will not undertake to supervise the acts of the Executive Committee of the Republican party of Texas, for the protection of a purely political right, such as that alleged in plaintiffs' petition. (Winnett v. Adams, 99 N. W. Rep., 681; Fletcher v. Tuttle, 37 N. E. Rep., 683, 151 Ill., 41; State v. Aloe, 54 S. W. Rep., 494 (Mo.); Green v. Mills, 69 Fed. Rep., 859; 5 Pom. Eq., secs. 324, 331, 332.) If these rights are interfered with the injured party must look to some other source than a court of equity for redress.

We conclude the trial court did not err in sustaining the demurrers to the petition and dismissing the suit. The judgment is affirmed.

*Affirmed.*