**HOLT & CO. v. WHEELER COUNTY et al.**
(No. 1889.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 9, 1921. Rehearing Denied Nov. 30, 1921.)

1. **Bridges** ⬅20(3)—**Lowest bidder not vested with right enforceable by action at law or suit in equity.**

The lowest bidder for a contract to construct highway bridge under Vernon's Sayles' Ann. Civ. St. 1914, art. 6966, providing for award to the "lowest responsible bidder," but that commissioners' court might reject "any and all bids," pursuant to notice for bids reserving such power, did not, by reason of his bid, have a right to the contract enforceable at law or in equity.

2. **Injunction** ⬅107—**Not issued to restrain interference with public right at suit of individual not peculiarly damaged.**

An action does not lie to restrain an interference with a mere public right at the suit of an individual who has not suffered, or who is not threatened by some damages peculiar to himself.

3. **Counties** ⬅196(1)—**Contract by commissioners' court without advertising for bids can be set aside in suit by taxpayer.**

A contract, made by commissioners' court without advertising for bids, as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 6966, can be set aside and injunctive relief can be granted in a suit by a taxpayer.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Bridges** ⊙⟹**20(3) — Commissioners' court may let contract to other than lowest bidder.**

Vernon's Sayles' Ann. Civ. St. 1914, art. 6966, providing that the commissioners' court shall let road or bridge contract to lowest responsible bidder, but "shall have the right to reject any and all bids," authorizes the court in its discretion to reject the lowest bid and award contract to other bidder on the ground that the best interests of the county are served thereby.

**5. Bridges** ⊙⟹**20(6)—Commissioners' court's rejection of lowest bid not reviewable by court without allegation of illegality or fraud.**

Action of commissioners' court in letting highway bridge contract to other than lowest bidder, on the ground that the best interests of the county required the rejection of the lowest bid, is not reviewable by the district court in the absence of an allegation that the commissioners' court acted illegally or fraudulently; the rejection of lowest bid being the court's exercise of its judgment.

**6. Bridges** ⊙⟹**20(6)—Petition held insufficient to show that commissioners' court in rejecting lowest bid acted illegally or fraudulently.**

Petition to restrain commissioners' court from entering into bridge contract with one not lowest bidder, which did not allege that the court as a court fraudulently made the award, but merely alleged that the court in rejecting the lowest bid acted upon false statements made to it by one of its members that engineers of the highway department of the state had stated that the state would withdraw its financial aid if the contract was awarded to lowest bidder, and which showed that the state would withdraw its aid if contract was awarded to lowest bidder, *held* insufficient to show that the commissioners' court acted illegally or fraudulently in rejecting lowest bid, and accepting higher bid; the mere allegation that its judgment was based upon perjured testimony being insufficient.

**7. Bridges** ⊙⟹**20(3)—Rejection of lowest bid proper on state's threat to withdraw state aid on award of contract to lowest bidder.**

Where state highway engineer appointed by state highway commission under Vernon's Sayles' Ann. Civ. St. 1914, art. 6904½ et seq., threatened not to give county financial aid if highway contract was awarded to contractor who had submitted the lowest bid under article 6966, action of commissioners' court in rejecting the lowest and accepting a higher bid *held* not an abuse of discretion, regardless of the question whether the state highway department would have acted arbitrarily or fraudulently in withdrawing its aid in the event that the contract had been awarded to the lowest bidder.

**8. Bridges** ⊙⟹**20(6) — Contractor necessary party to suit to restrain commissioners' court from entering into contract with such contractor.**

An injunction will not be granted to restrain the commissioners' court from entering into a bridge contract with contractor, to whom the court had awarded the contract, unless the contractor is a party to the action; the award being practically a contract with the county,

entitling the contractor to its day in court before it is annulled.

**9. Judgment** ⊙⟹**11—Entry of judgment dismissing case in vacation error.**

It was error to enter judgment dismissing a case in vacation, but case should have been continued over for trial or disposition at a regular term of court.

Appeal from District Court, Wheeler County; W. R. Ewing, Judge.

Suit by Holt & Co. against Wheeler County and others. Judgment of dismissal, and plaintiff appeals. Corrected in part; otherwise affirmed.

Hoover, Hoover & Willis, of Canadian, for appellant.

L. D. Miller, of Wheeler, and Frank Willis, of Canadian, for appellees.

HUFF, C. J. The appellants, a copartnership composed of several members residing in Hemphill county, Tex., brought suit against Wheeler county and its county commissioners, naming them, and one Henry Holmes, individually. The suit was for an injunction asking for writ restraining the commissioners' court from entering into contract with Unit Construction Company, and that the contracts for letting the bids be reopened and relet, or that the action of the commissioners' court be rescinded, and that plaintiff be awarded the contract as the lowest responsible bidder. The temporary writ of injunction as prayed for was granted, but upon motion made by the appellees the district judge, in chambers, dissolved the injunction and dismissed the suit. It was· alleged in the petition for injunction that, after advertising for bids on the construction of a highway bridge across the north fork of Red river, the county commissioners' court convened on July 27th, and received three sealed bids for the construction of the bridge; the bid of appellant being $97,825.66, the bid of Brown-Abbott Company being $108,732.28, and of the Unit Construction Company, $108,145.70. Each bidder complied with the requirements of the court in making the bid according to the terms of the advertisement. The county awarded the contract to the Unit Construction Company, and rejected the bid of Holt & Co., solely upon the ground that the engineer of the highway department of the state, who was attending the session of the court, had stated that if the contract was awarded to Holt & Co. state and federal aid would be denied; that appellant in all respects complied with the ·terms of the advertisement for bids, and deposited certified check for $2,500, as stipulated therein; that it was able to carry out the terms and all the terms required, and to make the bond required for the ·construction of the bridge, and that it

was the lowest and best bidder; that its bid was rejected, and the bid of the Unit Construction Company accepted, at more than $10,000 above plaintiff's bid, on account of the fact that Henry Holmes, one of the commissioners, was actuated by personal malice against the appellant, A. H. Holt. The particular matter alleged is as follows:

"That said commissioners acted under domination on one of their members, Henry Holmes, who was actuated by personal malice against plaintiff, A. H. Holt, and by personal friendship with the Unit Construction Company, and said commissioners based their action in making the award upon the false and fraudulent statements made by said Holmes privately to the other commissioners, to the effect that the engineers of the department of the state of Texas and of the United States, who were in attendance upon the session of the court, had stated that in case plaintiffs received the contract they would withdraw from Wheeler county the financial aid which said county contemplated receiving from the state and federal authorities as a contribution to the enterprise of building the bridge and improving the highway, whereas, in truth and in fact said engineers had made no such statement, or anything like it, and said federal and state aid would have been granted just the same if plaintiff had received the contract, as said court well knew; that said commissioners were actuated by said false and fraudulent statement in voting as they did."

It is also alleged that if the engineers of the state department did threaten to withdraw such aid if the contract was let to Holt & Co. the same was an ·attempt to coerce the commissioners and contrary to law. The petition further alleged the responsibility of the plaintiff in its capacity to erect the bridge and to do all work in connection therewith strictly according to the terms of the advertisement, plans, and specifications. The petition further alleged that—

After the contract was awarded by the commissioners' court to the Unit Construction Company "plaintiffs visited Wheeler county and interviewed the county judge, Hon. L. D. Miller, and made the proposition to him that the commissioners' court should reconvene and reconsider the matter of letting the contract and award it to the lowest responsible bidder, Holt & Co.; that said Miller then and there stated that the court should reconvene and reconsider the matter and doubtless award the contract; or, in other words, that he was willing for the court to do so, provided the state highway department would allow the state aid to be given in case Holt & Co. received the contract; that said Miller then and there stated he had written the state highway engineer, Rollin J. Winrow, and had stated in letter to him that they wanted Holt & Co. to have the contract; that he believed the people wanted Holt & Co. to have the contract; that thereafter said highway engineer replied to said letter and stated that the highway commission considered that it had the right to say who should have the contract and dictate whether the state aid should be given,

and that in no event, in case Holt & Co. got the contract, would the state aid be extended to this project."

The appellants attached to their petition a copy of the notice for bids, the notice evidencing the fact that the county was intending to build the bridge under the law authorizing the state highway department to grant aid to certain roads. The notice gave the specifications for the bridge and the material to be used, directing bidders to the state highway department where the plans and specifications might be found, and it was expressly stated in the notice:

"The right is reserved to reject any and all proposals or to waive all technicalities."

The advertisement for bids seems to have been under article 6966, Complete Texas Statues 1920. The article reads:

"The commissioners' court of any such county may, when deemed best, construct, grade, gravel or otherwise improve any road or bridge by contract. In such case said court or the county judge may advertise, in such manner as said court may determine, for bids to do such work and the contract shall be awarded to the lowest responsible bidder, who shall enter into bond with good and sufficient sureties for the faithful compliance of such contract, but said court shall have the right to reject any and all bids."

The appellant by proposition asserts that the district court erred in sustaining a general demurrer to plaintiff's petition and in dissolving the temporary writ of injunction, because the petition disclosed that under the advertisement for bids Holt & Co. was the lowest responsible bidder; that the commissioners' court so believed, and would have awarded the contract to them but for the false and fraudulent statements of one of the members of the court, which statements were untrue, but believed and relied upon by the remainder of the court.

[1] Both the statute and the notice published for bids reserved the power in the commissioners' court to "reject any and all bids." This was notice to any intending bidder that the commissioners' court was not obligated to accept any bid that might be made or to award any contract thereon unless the court deemed the bid the lowest and the bidder satisfactory and adjudged the acceptance thereof to be for the best interests of the county. The proposal bound neither party, and neither party acquired a right against the other. This did not give to appellants an agreement to perform the work or to such a right to a contract as will support an action against the county. The advantage which appellants may have reaped by awarding a contract to the lowest bidder, imposed by statute upon the commissioners' court, is merely incidental to the duty enjoined for the benefit of the public. The advantage to the bidder is no part of the de-

sign of the statute, and no such right is created in his favor as forms the subject of an action at law or of a suit in equity. By 3 McQuillin on Municipal Corporations, p. 2700, § 1238, et seq.; Colorado Paving Co. v. Murphy, 78 Fed. 28; 23 C. C. A. 631, 37 L. R. A. 630; Talbot Paving Co. v. Detroit, 109 Mich. 657, 67 N. W. 979, 63 Am. St. Rep. 604; Vincent v. Ellis, 116 Iowa, 609, 88 N. W. 836; U. S. Wood Preserving Co. v. Sundmaker, 186 Fed. 678, 110 C. C. A. 224; Molloy v. New Rochelle, 198 N. Y. 402, 92 N. E. 94, 30 L. R. A. (N. S.) 126, and notes; Anderson v. Board, etc., of Public Schools, 122 Mo. 61, 27 S. W. 610, 26 L. R. A. 707; Brown v. City of Houston, 48 S. W. 760; Hurley v. Citizens' National Bank, 229 S. W. 663. In a note to Anderson v. Board of Public Schools, supra, as reported in 122 Mo. 61, 27 S. W. 610, 26 L. R. A. 711, it is said:

"Mandamus and mandatory injunctions in favor of the lowest bidder, or at the instance of a taxpayer to prevent award to others, will seldom be granted, and the refusal of such relief is based on various grounds, as discretion in the awarding board, or that if he has the contract mandamus is not the proper remedy, * * * or that a provision in the statute or charter requiring the award to be made to the lowest bidder was for the benefit of the public and not for the contractor."

In the case of Brown v. City of Houston, supra, it was sought to restrain the mayor and city counsel and one Winn, to whom a contract had been awarded, to build a public school building, and to compel them by mandamus to let to plaintiff. It was shown in the petition advertisement for bids had been published and the contract awarded to Winn, though plaintiff's bid was lower by some $900. A demurrer was sustained to the petition, and the case dismissed. The charter of the city of Houston gave to the counsel "the right to reject any and all bids." In the advertisement there, as in this case, such right was preserved. The court said, speaking through Judge Williams:

"The counsel and not the court is the body in whose fidelity and judgment the law has committed the decision of such question, and this function cannot be taken away or usurped by the court. The requirement as to bids is a safeguard by which the counsel is required to obtain information, and particularly by which the interest in their care may be subserved. The use they shall make of such information is prescribed by the charter, and, of course, it is their duty to observe the direction. But it is not in the province of a court to control by the use of its writ the decision which the law allows them to make for themselves."

[2] It is also recognized by the courts of this state that an action does not lie to restrain an interference with a mere public right at the suit of an individual who has suffered or is not threatened with some damages peculiar to himself. City of San Antonio v. Strumberg, 70 Tex. 366, 7 S. W. 754; Hulse v. Powell, 21 Tex. Civ. App. 471, 51 S. W. 862; Brumby v. Boyd, 28 Tex. Civ. App. 164, 66 S. W. 874; McDonald v. Lyon, 43 Tex. Civ. App. 484, 95 S. W. 67. Officers will not be restrained from performing official duty upon the petition of one who shows no injury to him in his property rights. Marion County v. Perkins Bros., 171 S. W. 789. As shown above, the appellants have alleged no such right as will entitle them to a restraining order or to a mandamus or to a mandatory injunction. It has been held:

"The lowest bidder is not entitled to an injunction to restrain a proposed violation of a statute requiring contracts to be let to the lowest bidder, or lowest and best reliable bidder, or lowest responsible bidder." 3 McQuillin, Municipal Corporations, § 1240, p. 2708; Colorado Paving Co. v. Murphy, 78 Fed. 28; 23 C. C. A. 631, 37 L. R. A. 630.

[3] It is doubtless true a contract made by the commissioners' court without advertising for bids could be set aside and a taxpayer would have such interest as would authorize him to seek injunctive relief from a court of equity. Moore v. Coffman, 189 S. W. 94; Ashby v. James, 226 S. W. 732. In this case the appellant does not show an individual interest affected or that they or either of them were taxpayers in the county, or even residents of that county.

[4, 5] But conceding, for the purpose of this appeal, that appellants have such interests in the contract as will authorize them to appeal to a court of equity, we are nevertheless of the opinion that the petition shows no equitable grounds for interference. It is manifest the statute confides to the commissioners' court the discretion and judgment in awarding contracts on the lowest bid, and as well to a contractor satisfactory to the court and to the interests of the county to be served. We may concede, under the Constitution as amended in 1891, the district court has supervisory control over the county commissioners' court, with such exceptions and under such regulations as may be prescribed by law, yet where the commissioners' court has exercised its judgment it becomes the judgment of a court of competent jurisdiction, and the district court may not review its discretion. Stephens v. Buie, 23 Tex. Civ. App. 491, 57 S. W. 312; Ft. Worth v. Davis, 57 Tex. 235; Auditorial Board v. Hendrick, 20 Tex. 60. It, therefore, becomes necessary on the part of appellants to allege that the discretion exercised by the commissioners' court was illegally done or fraudulently exercised.

[6] In this case, in meeting this requirement, appellant did not allege that the court, as a court, fraudulently made the award, but that it acted upon statements made to it by one of its members, which statements were false and actuated by malice. In other words,

its judgment was based upon perjured testimony, and for that reason its judgment should be set aside. The petition in effect resolves itself into a bill of review. According to the allegations therein appellants were given a new trial and an opportunity to show that the county would receive state aid if the contract was awarded to them. This they did not do, but, on the contrary, showed if the county should accept appellant's bid the bridge would have to be built without state aid. In effect the petition alleged the fact upon which the commissioners' court acted in reaching a judgment to decline appellant's bid is and was true; it is only shown that the witness giving the testimony was not creditable.

[7] If the authorities of the state refused state aid or will not furnish it if appellant obtained the contract, the judgment of the commissioners' court was properly called for upon that issue. Although appellant's bid was lower, it may have cost the county more to have accepted it than it would have to reject it with the promise of state aid. Certainly it was a proper subject, calling into action the judgment and discretion of the commissioners' court. In giving heed to the state highway board the commissioners' court did not surrender its power to contract to the state board or to the state highway engineer. The state board had, as we understand the statute, the power of placing state aid on such roads as should be approved by it. Certainly the commissioners' court had no jurisdiction over that board. If the board was acting arbitrarily or fraudulently, it was a matter not chargeable to the commissioners' court. If the engineer of the state highway was exceeding his powers, appellants should sue him or ask relief against his action in a proper proceeding. Wheeler county is not amenable to mandamus because the state officers fail in their duty. Article 6904½ et seq., Complete Texas Statutes 1920. Acts General Legislature 1917, chapter 190, established a state highway department, administered and controlled by state highway commission, and among its duties was to appoint a state highway engineer. The highway commission, as one of its duties, was required to formulate plans and policies for the construction and maintenance, in co-operation with the counties of the state and under direct supervision and control of the state highway department, public roads. It is further provided that whenever a commissioners' court shall desire and is prepared to construct one or more miles of public roads, constituting a part of the system of state highways, as designated by the department, and the counties shall make application for allotment of state aid, and the court files its application with the department, "and when such roads shall be constructed according to specification and under the supervision of the highway engineer, the commission shall make an allotment of aid from any moneys available in the state highway fund, not to exceed one-fourth of the cost of construction." The county had the right to contract, but the state's money was not under its control. It would seem if the road or bridge is to be constructed under the supervision of the state engineer before the county could receive any portion of the money furnished by the state the county would not be acting arbitrarily when it rejected appellant's bid, if it could not receive that aid should it accept appellant's bid. We do not undertake to state the power of the highway engineer or of the highway department with reference to giving aid to counties. The law would seem to give that department large discretion, and certainly if the county desires state aid it should comply with the conditions required of it by that department. The appellants ought not to complain of the county for the reason that they knew the county was contracting in view of obtaining state aid and the notice was so worded. It would seem to us if the appellant shows any cause of action, that it is not against Wheeler county, but it is against the state highway department.

[8] Again, in this case, the appellant seeks to set aside the award to the Unit Construction Company. The award to that company was practically a contract with the county. That contract would not be annulled without the Unit Construction Company having its day in court. It was therefore a necessary party to any injunctive relief. King v. Commissioners' Court, 10 Tex. Civ. App. 114, 30 S. W. 257.

[9] The judgment of the court dismissing the case, having been entered in vacation, was error. The order dissolving the injunction, we think, was properly made, but the case should have been continued over for trial or disposition at a regular term of court. The judgment of the trial court will be corrected to that extent, but otherwise affirmed.