the jury finding of undue influence based on fraud in the inducement of the deed.

On oral argument counsel for plaintiffs was asked if the testimony with respect to the stealing of the cattle did not actually pose a question of fraud rather than the usual question of undue influence and he suggested that false statements made by one natural beneficiary against the others would be evidence of undue influence even though they did not constitute fraud. The suggestion has support in good authority. See Atkinson on Wills, p. 212, where it is said: "Likewise creation of resentment toward a natural object of testator's bounty by false statements, though not amounting to fraud, may invalidate the will." But this rule presupposes that the statements are false. In Page on Wills, supra, Vol. 1, § 187, p. 377, it is said: "Derogatory or malicious statements made to testator concerning the natural objects of his bounty do not, of themselves, amount to undue influence, especially if such statements are true." The influence of truthful statements could hardly be said to be *undue*. Here, again, we are faced with a record which throws no light on the truth or falsity of the defendant's statements to the grantor that the other boys were stealing his cattle, and the plaintiffs must be held to have failed to meet their burden of proving that the statements were false and were therefore evidence of undue influence.

We conclude that there is no evidence of probative force to support the jury verdict. In Burgess v. Sylvester, 143 Tex. 25, 182 S.W.2d 358, 359, this court said: "A solemn will executed under the formalities required by law by one mentally capable of executing it should not be set aside upon a bare suspicion of wrongdoing on the part of a beneficiary." The same rule applies in a suit to cancel a deed. Besteiro v. Besteiro, supra. In our opinion the verdict of the jury in this case is supported by no more than suspicion.

The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.

**HOLLAND et al. v. TAYLOR et al.**

No. 5021.

Court of Civil Appeals of Texas.

Beaumont.

July 1, 1954.

Rehearing Denied July 1, 1954.

Wilder & Berlin, Beaumont, for appellants.

Adams, Browne & Sample, Beaumont, for appellees.

Quentin Keith, Ewell Strong, Beaumont, amici curiae.

PER CURIAM.

This is an appeal from a judgment denying appellants a temporary injunction in the district court of Jefferson County.

The appellants here, the plaintiffs in the trial court, are Joe W. Holland, individually, and in his capacity as a member of the Jefferson County Democratic Executive Committee and as Democratic Precinct Chairman of Precinct No. 20 of Jefferson County, and Earl Robertson and Mrs. Emile Zoller, qualified voters of such Precinct No. 20. They brought suit against Howard H. Taylor, individually and as Chairman of the Jefferson County Democratic Executive Committee, and all other individual members of such committee, and against the Democratic Executive Committee of Jefferson County. By their suit they sought to enjoin the appellees, the defendants in the trial court, from: (1) calculating the number of delegates to the next County convention from Precinct No. 20 and all other precincts in Jefferson County, Texas, based only on ballots cast on the Democratic side of the ballot in the last general election cast for the Honorable Allan Shivers, Governor of Texas, the successful candidate; (2) allowing only 35 votes and 35 delegates to such precinct at the County Convention to be held July 13, 1954; (3) refusing to allow a total of 54 votes to such Precinct 20, based on the total votes of both the Democratic and Republican columns cast for the Honorable Allan Shivers in the last general election. They further prayed that the appellees be ordered and directed to calculate the voting strength and delegate number of each precinct to the County convention on the basis of all votes cast, both in the Republican and the Democratic columns, for the Democratic nominee for Governor at the last general election. Also, they prayed that the appellees be ordered and directed to compute the delegate voting strength and number of delegates from the Jefferson County Democratic convention to the State Democratic convention by including in said computation all votes cast at the last general election for the Democratic nominee for Governor, including both the votes he received in the Republican column and in the Democratic column.

Honorable Quentin Keith appeared in the trial as amicus curiae.

The trial court denied the application for injunction and the appellants have duly perfected their appeal.

On motion of the appellants we advanced the date of submission and the matter was submitted on oral arguments in behalf of the appellants, the appellees, Honorable Quentin Keith as amicus curiae and Honorable Ewell Strong, amicus curiae, appearing only on the submission of this cause. Briefs were filed by all of such parties.

The facts are not in dispute and the only matter in dispute in this controversy before us is the construction placed upon Articles 13.34 and 13.40 of Vol. 9, Vernon's Annotated Civil Statutes of Texas, the Election Code.

Article 13.34, in part, provides as follows:

"On the first Saturday after the primary election day of 1952 and each two years thereafter there shall be held in each county a county convention of each party, to be composed of one delegate from each precinct in such county, for each twenty-five votes, or major fraction thereof, cast for the party's candidate for Governor in such precinct at the last preceding general election, which delegate or delegates

shall be elected by the qualified voters of each precinct on primary election day at precinct conventions to be held on said day, which county convention shall elect one delegate to the State Convention for each 300 votes, or a major fraction thereof, cast for the party's candidate for Governor in such county at the last preceding general election, the delegates to said convention so elected or such of them as may attend said convention shall cast the vote of the county in such convention."

Article 13.40 reads as follows:

"Each county in the State or District Convention shall be entitled to one (1) vote for each three hundred (300) votes or major fraction thereof, cast for its candidate for Governor of the political party holding the convention, at the preceding general election. In case, at such general election there were cast for such candidate for Governor less than three hundred (300) votes in any county, then all such counties shall have one (1) vote."

In the last general election held in Jefferson County, Texas, on November 4, 1952, in said Precinct No. 20 of Jefferson County 830 votes were cast for Honorable Allan Shivers as the Democratic nominee for the office of Governor and 467 votes were cast for the said Allan Shivers as a Republican candidate for Governor of the State of Texas. At a meeting of the Jefferson County Democratic Executive Committee held on June 19, 1954, said committee by motion made, seconded and carried, decided that "representation from a Precinct convention to the County convention would be based upon a proportion of one delegate from the Precinct convention to the County convention for each 25 votes or a major fraction thereof cast in each such precinct for the Democrat candidate for Governor by the Democrat voters voting the Democrat ticket in the last general election, and that representation from the County convention to the State convention would be based upon a proportion of one delegate from the County convention to the State convention for each 300 votes or a

major fraction thereof cast in Jefferson County for the Democrat candidate for Governor by the Democrat voters voting the Democrat ticket in the last general election." Appellee Taylor, Chairman of the Jefferson County Democratic Executive Committee, and the other appellees admit in the testimony and in their briefs that they intend to count the proportion of delegate strength to the Jefferson County Democratic Convention and to the Texas Democratic Convention in 1954 according to the number of votes cast for the Honorable Allan Shivers as the Democratic candidate for Governor and that they intend not to count the votes cast in the last general election for the said Allan Shivers as a candidate of the Republican party.

The appellants contend that this method of calculating delegate strength from the Precinct to County convention and from the County convention to the State convention of the Democratic party is erroneous and is not in accord with the provisions of the above quoted Articles 13.34 and 13.40 of the Revised Election Code. They say that all of the votes cast in the Republican column for the Honorable Allan Shivers as the Republican candidate for Governor were votes cast for the same Allan Shivers who was the Democratic party's nominee for Governor at the last general election and that, therefore, all the votes cast for him should be counted in determining such delegate strength. They also say that had the legislature intended that only the votes cast by members of the Democratic party or the party holding the primary election it would have said so in plain language.

The appellees, on the other hand, contend that the intention of the legislature is clear from the wording of the statutes under examination and that it was meant that in determining the proportionate delegate strength to the party's County convention and State convention the number of votes cast for the Democratic nominee for Governor by Democratic voters in the last general election should be the standard to be considered.

■ There is no authority on this question cited by either party or any of the amici curiae in any of the briefs before us. This question could not have arisen before, since the general election of 1952 was the first election held in Texas since it was made possible under the revised Election Code for a person to have his name appear on the general election ballot as the candidate of more than one political party. For this reason no court has passed on this particular question. From the reading of the entire Chapter 13 of the Election Code, particularly those articles relating to primary elections, it is evident that the purpose of alloting delegate strength in the county and state conventions is to allow participation in such conventions based upon the number of party members in such Precincts and Counties. It appears to be a method by which each precinct and each county shall have the proportionate numerical strength in the conventions based upon the number of party voters who voted for the party's nominee for Governor in the last preceding general election. With this obvious purpose in mind, it seems clear that such precinct and county numerical strength in the conventions should reasonably and fairly be based only upon the number of Democratic party votes cast for the Democratic nominee for Governor. To base such strength upon the number of Republicans who voted for the same person as their nominee for Governor would not be based upon party strength but upon total votes cast in the general election. It would have no connection with nor relation to party strength in the precincts and counties concerned. It appears unreasonable, therefore, to permit and direct that such calculations and allotment of delegate voting strength should be done in any other way than that adopted by the appellees, the Jefferson County Democratic Committee, based upon party strength in such precinct and county.

■■ Honorable Ewell Strong, amicus curiae, has suggested and urged that this court has no jurisdiction of this controversy under the proposition that the controversy before us is purely political in nature; that it concerns a matter of a dispute within a political party, concerning which the decision of the authorized executive committee of a party is bound. The cases of Bell v. Hill, 123 Tex. 531, 74 S.W. 2d 113; Carter v. Tomlinson, 149 Tex. 7, 227 S.W.2d 795 and Wall v. Currie, 147 Tex. 127, 213 S.W.2d 816 are cited by him. As we view it, all the authorities cited in the attack upon the jurisdiction of this court or the courts generally to hear and determine such a controversy as this relate to party differences and disputes which are not regulated by statute. We think the heart of the present controversy is to be found in the statute itself, which is quoted above, and that this is therefore not an internal party dispute but one which arises from a difference of opinion as to the construction of a statute of this State. We believe that final adjudication of the construction of a statute should not be left to members or officers of the various political parties, and that the determination of the construction and application of the two statutes under examination here is properly for the courts of this State and we therefore have jurisdiction of this controversy.

We believe that the action of the trial court in denying the injunction and orders prayed for was correct. The judgment of the trial court is affirmed.