JOE W. HOLLAND ET AL V. HOWARD H. TAYLOR ET AL

No. A-4783. Decided July 23, 1954.
(270 S.W. 2d Series 219)

*Wilder & Berlin* and *Gaston H. Wilder, Jr.,* of Beaumont, for petitioners.

*Gilbert T. Adams,* of Beaumont, for respondents.

MR. JUSTICE SMITH delivered the opinion of the Court.

On June 14, 1954, the Jefferson County Democratic Executive Committee adopted a motion that the representation from the precinct convention to the county convention be based upon the proportion of one delegate from the precinct convention to the county convention for each twenty-five votes or major fraction thereof cast in each such precinct for the Democratic candidate for Governor by the voters voting the Democratic ticket in the last general election and also that representation from the county convention to the state convention be based upon the proportion of one delegate from the county convention to the state convention for each three hundred votes or major fraction thereof cast in Jefferson County for the Democratic candidate for Governor by the Democratic voters voting the Democratic ticket in the last general election.

On June 15, 1954, petitioners, Joe W. Holland, individually and in his capacity as a member of the Jefferson County Democratic Executive Committee and as Precinct Chairman of Precinct No. 20 of Jefferson County, Texas, Earl Robertson and Mrs. Emilie Zoller, qualified voters of Precinct No. 20, filed this suit in the District Court of Jefferson County against The Jefferson County Democratic Executive Committee, and the Chairman and individual members of the Committee, seeking an injunction and praying that the respondents be enjoined from calculating the number of delegates to the next county convention from Precinct No. 20 and all other precincts in Jefferson County, Texas, based only on ballots cast on the Democratic side of the ballot in the last general election in which Governor Allan Shivers was the successful candidate, and further praying that such computation and calculation be based upon the total votes of both the Democratic and Republican columns for Allan Shivers in the last general election. The trial court denied the injunction and that judgment has been affirmed by the Court of Civil Appeals, 270 S.W. 2d 215.

■ We have concluded that the petitioners have no justiciable interest in the subject matter of this litigation and, therefore, they were without authority to institute the suit in the trial court. The respondents filed an answer in the trial court in which it was admitted that the petitioners had an interest in the controversy. The petitioners now contend that such admission and the failure to present the question to the Court of Civil Appeals precludes this court from deciding the point. With this we cannot agree. The agreement of the parties that petitioners occupy a position different from that of the public generally must be supported by evidence. We find no evidence of probative force

which would in any degree warrant the voluntary agreement on the part of respondents. The error in permitting them to prosecute the suit, is fundamental error, apparent on the face of the record, within both the majority and dissenting opinions in Ramsey v. Dunlop, 146 Texas 196, 205 S.W. 2d 979.

Petitioners alleged that they "have a profound faith and belief in the principles and tenets of the Democratic Party and a personal and economic interest as citizens of Jefferson County, Texas, Precinct No. 20 in the welfare of the Party. As citizens and Democrats they have an interest in the proper and legal conduct of the affairs of the party and a right to insist upon compliance by Democratic Party officers and functionaries with the laws of the State of Texas applicable thereto. This suit is brought by plaintiffs as members of the Democratic Party and in the capacities above set forth, for themselves and for all others similarly situated."

This suit involves a contest regarding the number of delegates the qualified voters of each voting precinct in Jefferson County shall be entitled to elect to represent their respective precincts in the Democratic County Convention to be held in said county. The members of the County Democratic Executive Committee have acted. Their good faith has not been questioned. The fact that petitioners have a profound faith in the principles of the Democratic Party does not set them apart from the thousands of citizens in Jefferson County of like faith and belief. In the absence of statutory authority, the petitioners have no right to maintain this suit. The legislature has not granted petitioners the authority to act for themselves or the other citizens in Jefferson County similarly situated. The petitioners have no interest peculiar to themselves. Staples v. State, 112 Texas 61, 245 S.W. 639; Yett v. Cook, 115 Texas 205, 281 S.W. 837; Dickson v. Strickland, 114 Texas 176, 265 S.W. 1012; Carter v. Tomlinson, Texas Civ. App., 220 S.W. 2d 351, reversed on other grounds, 149 Texas 7, 227 S.W. 2d 795. The fact that petitioners, Joe W. Holland, is Chairman of Precinct No. 20, does not confer upon him the right to prosecute this suit in his own right or in a representative capacity.

■ In the case of Yett v. Cook, 115 Texas 205, 281 S.W. 837, 841, the court said: "It is a rule of universal acceptation that to entitle any person to maintain an action in court it must be shown that he has a justiciable interest in the subject matter in litigation, either in his own right or in a representative ca-

pacity, * * * whatever may be the rule in other jurisdictions, there can be no doubt that in Texas an action relating to elections or other matters of law enforcement, not involving questions of taxation or unlawful expenditure of public funds, cannot be maintained by a relator or plaintiff whose interest is only that of the public generally, *in the absence of a valid statute authorizing the suit.*" (Emphasis added.) See cited cases.

■ A Texas political party is a free and voluntary association of citizens of the state. Such parties cannot operate if the courts entertain the suit of every member who concludes that he is in disagreement with its decisions. Osborne v. Keith, 142 Texas 262, 177 S.W. 2d 198; Hoffman v. Davis, 128 Texas 503, 100 S.W. 2d 94. See Carter v. Tomlinson, 149 Texas 7, 227 S.W. 2d 795.

Petitioners have shown no special injury peculiar to themselves. They alleged that they had a personal and economic interest and damages had been sustained in the sum of $5,000.00. Petitioners admitted in this court during oral argument an abandonment of such claim.

In the case of Osborne v. Keith, 142 Texas 262, 177 S.W. 2d 198, 200, the plaintiff, R. M. Keith, brought suit for himself as a resident tax paying citizen of Jefferson County and for all other tax paying citizens of that county similarly situated. The suit prayed for an injunction to prevent the defendant, Osborne, from receiving payment under a contract with the county, and that Jefferson County be adjudged the legal and equitable owner of a described tract of land. This court held that Keith was not authorized to bring the suit. In so holding the court said: "This Court recognizes the right of a tax paying citizen to maintain an action in a court of equity to enjoin public officials from expanding public funds under a contract that is void or illegal. * * * The vigilence of a citizen who takes upon himself that burden in the interest of good government is to be commended. However, the procedure is generally recognized as being drastic and, in order to be authorized to maintain such an action, a citizen must bring himself strictly within the established rules. Governments cannot operate if every citizen who concludes that a public official has abused his discretion is granted the right to come into court and bring such official's public acts under judicial review."

Plaintiffs urge that they have a special interest, different from that of other members of the Democratic Party residing in

the precinct and county in that under their interpretation of the statutes Precinct No. 20 would have 52 delegates and convention votes in the county convention and the county would have 170 delegates and convention votes in the state convention, whereas under the interpretation of the County Executive Committee the precinct will have only 35 delegates and convention votes in the county convention and the county only 110 delegates and convention votes in the state convention. They assert that this unauthorized reduction may well deprive them of the right and privilege of serving as delegates. We see in this no proof of special injury to the plaintiffs. There are only three plaintiffs in the suit and it may well be that all of them will be included in the list of 35 who will be selected at the precinct convention as delegates to the county convention and in the list of 110 who will be selected at the county convention to serve as delegates to the state convention. The possibility that they will not be selected is a risk they share in common with all others in the precinct and in the county, respectively. McDonald v. Lyon, Texas Civ. App., 95 S.W. 67, no writ history; Reynolds v. Cobb, Texas Civ. App., 196 S.W. 2d 60, no writ history.

■ The right of a citizen to maintain a suit of the nature here involved has never been granted by the legislature. Whether or not it would be a wise public policy to grant it is a legislative and not a judicial question. See Hoffman v. Davis, 128 Texas 503, 100 S.W. 2d 94.

The question of whether this court is authorized to consider the question of the right of petitioners to maintain this suit in the absence of a point in the application presenting same has been definitely settled by this court adversely to the contention of petitioners here in the case of Meredith v. Sharp, et al, 152 Texas 437, 259 S.W. 2d 172. For the opinion of the Court of Civil Appeals see 256 S.W. 2d 870.

In that case, as in this, the question was not raised in the trial court or the Court of Civil Appeals. This court requested the petitioner and respondent to file additional briefs concerning the following questions: (1) the right of petitioner, Meredith, to maintain the suit; (2) whether in the event it is concluded that the petitioner has no right to maintain the suit, the Supreme Court would be authorized to consider Question No. 1, above, in the absence of a point in the application for writ of error.

The petitioner, in his brief filed in response to the request of the court, made substantially the same contentions as the

contentions of the petitioners in the present suit. This court after considering the briefs filed by each party, wrote the following Per Curiam opinion:

"Under our view petitioner has no interest, financially or otherwise, which would authorize him to maintain this suit. Yett v. Cook, 115 Texas 205, 281 S.W. 837. The trial court should therefore have dismissed the suit rather than deny the writ, but since the practical effect of the two orders is the same, no purpose would be served in granting the writ to reform the judgment. The application is therefore stamped Refused, No Reversible Error."

For the reasons stated, it is unnecessary to discuss the other points presented.

The judgments of the trial court and the Court of Civil Appeals are reversed and the cause is dismissed. Due to the fact that the Democratic Precinct Conventions will be held in Texas on July 24, 1954, time will not permit consideration of a motion for rehearing, therefore, the right to file such notice is denied. Rule 515, Texas Rules of Civil Procedure.

Opinion delivered July 23, 1954.

ASSOCIATE JUSTICE GRIFFIN dissenting.

I agree with the opinion of the Court as far as it goes, but would add the additional reason that the question at issue is a political one under Carter v. Tomlinson, 149 Texas 7, 227 S.W. 2d 795. The distinction between a "contest" over the seating or unseating of a given party officer or functionary an da dispute of the kind before us is without substance. The effect of Carter v. Tomlinson is to make the statute here in question largely directory.

Opinion delivered July 23, 1954.