

Court Of Appeals

Fourth Court of Appeals District of Texas
San Antonio

★  ★  ★                                                ★  ★  ★

# MEMORANDUM OPINION

No. 04-08-00210-CV

Ron **RAY**,
Appellant

v.

**BEXAR APPRAISAL DISTRICT** and Bexar Appraisal Review Board,
Appellees

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2005-CI-13255
Honorable John D. Gabriel, Jr., Judge Presiding

No. 04-08-00212-CV

Ron **RAY**,
Appellant

v.

**BEXAR APPRAISAL DISTRICT** and Bexar Appraisal Review Board,
Appellees

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CI-09052
Honorable John D. Gabriel, Jr., Judge Presiding


Opinion by:    Phylis J. Speedlin, Justice

Sitting:       Sandee Bryan Marion, Justice
               Phylis J. Speedlin, Justice
               Marialyn Barnard, Justice

Delivered and Filed:   March 18, 2009

AFFIRMED

This consolidated appeal arises from two lawsuits filed by Ron Ray seeking judicial review of the Bexar Appraisal District's ad valorem property tax valuation for tax years 2005 and 2006. Ray now appeals the trial court's orders dismissing his suits for lack of subject matter jurisdiction. We affirm the judgments of the trial court.

## BACKGROUND

The property at issue is a shopping strip located on Austin Highway in Bexar County. In November of 2003, Stumberg Investor Group # 1 transferred the property to McRae Shopping Center, L.P. McRae Shopping Center, L.P. is a Texas limited partnership of which Ray is the limited partner. The general partner is Eastwood Village Shopping Center, Inc.; Ray is the sole officer and sole shareholder of that corporation. A Notice of Protest pertaining to the property for the 2005 tax year was filed by "McRae Shopping Center L.P." and signed by "R. Ray as president of G.P." Ray appeared at the hearing before the Appraisal Review Board and swore that he was the authorized agent for the property in question. On its hearing form, the Board identified the owner of the property as "Stumberg Investor Group 1." In a notice mailed to "Ron Ray LP," the Board subsequently determined that the property owner's name was incorrect—yet did not identify the correct owner's name—and that the District had overvalued the Austin Highway property. Ray filed a similar Notice of Protest pertaining to the same property for the 2006 tax year; he identified the owner as "Stumberg Investor Group # 1" and signed his name, "Ron Ray" without any designation of representative capacity. On its hearing form, the Board identified the owner of the property as "Stumberg Investor Group 1." Ray also appeared at the hearing for the 2006 tax year, and received a determination that was unsatisfactory to him.

Ultimately, Ray appealed the Board's orders determining his protests for the 2005 and 2006 assessments of the property to the district court. The lawsuits were filed by Ron Ray in his own name. Both the Bexar Appraisal District and the Bexar Appraisal Review Board requested dismissal of the suits based on a plea to the jurisdiction. Specifically, the District and the Board averred that: 1) the named plaintiff in the case, Ron Ray, was not the owner of the property at issue and had no standing to sue; and 2) the owner of the property in question did not protest the appraisal before the Board. At the hearing on the plea to the jurisdiction pertaining to the 2006 tax year, Ray testified that the record owner of the Austin Highway property is McRae Shopping Center, L.P. After hearing Ray's testimony and the argument of counsel, the trial court granted the plea to the jurisdiction and dismissed the lawsuit.[1] On appeal, Ray contends the trial court erred in dismissing his suits for lack of standing because he is the sole owner of the property at issue.

## STANDARD OF REVIEW

Standing is a prerequisite to subject matter jurisdiction, and a trial court must have subject matter jurisdiction to decide a case. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 553-54 (Tex. 2000). Subject matter jurisdiction may be challenged by a plea to the jurisdiction. *Id.* A trial court determines a plea to the jurisdiction by reviewing the pleadings in the plaintiff's favor and examining the pleader's intent. *Id.*; *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex. 2004). "If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend." *Miranda,* 133 S.W.3d at 226-27. On the other hand, "[i]f the pleadings affirmatively negate the existence of

---

[1] Subsequently, Ray and the Bexar Appraisal District agreed to enter an order dismissing the lawsuit pertaining to the 2005 tax year so that both cases could be appealed simultaneously.

jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend." *Id.* at 227. We review a trial court's ruling on a plea to the jurisdiction *de novo*. *See id.* at 226.

**DISCUSSION**

In order to sue or obtain relief from an appraisal review board's decision, the Texas Tax Code requires the plaintiff to be the owner of the property in dispute, a properly designated agent of the owner, or the lessee of the property under certain circumstances. TEX. TAX CODE ANN. §§ 1.111, 41.413(b), 42.01, 42.21(b) (Vernon 2008). "A person or entity who does not meet one of these criteria, but nonetheless seeks judicial review of an appraisal-review board determination, has neither a 'legal right' to enforce, . . . nor any 'real controversy' at issue, . . . and therefore, no standing under the Code." *Koll Bren Fund VI, LP v. Harris County Appraisal Dist.,* No. 01-07-00321-CV, 2008 WL 525799, at \*3 (Tex. App.—Houston [1st Dist.] Feb. 28, 2008, pet. denied); *see also Plaza Equity Partners v. Dallas Cent. Appraisal Dist.*, 765 S.W.2d 520, 521 (Tex. App.—Dallas 1989, no writ) (the property owner is the only party, other than the chief appraiser, with standing to appeal from an appraisal review board's order determining a taxpayer protest). Lack of subject matter jurisdiction can be raised at any time. *Gregg County Appraisal Dist. v. Laidlaw Waste Sys., Inc.*, 907 S.W.2d 12, 17 (Tex. App.—Tyler 1995, writ denied) (citing *Holland v. Taylor,* 153 Tex. 433, 270 S.W.2d 219 (1954)).

Here, the only plaintiff in the appeal to the trial court was Ray. Ray is not the record owner of the property at issue. He asserts, however, that because he owns 100% of the entity[2] in whose

---

[2] Ray testified that the owner of the Austin Highway property is McRae Shopping Center, L.P., and that he is the limited partner. He further stated that the general partner is Eastwood Village Shopping Center, Inc., and he is the sole officer and sole shareholder of that corporation.

name the property is titled, he is a "property owner." In fact, throughout his briefing he refers to himself as a "one-man band" who has the sole authority to act on behalf of McRae Shopping Center, L.P. and who is solely liable for paying the property taxes. Ray also argues that, in this case, substance should prevail over form because he is clearly the true owner of the property. We respectfully disagree.

Strict compliance with the Tax Code is required to invoke the trial court's jurisdiction. The Tax Code's statutory provisions are mandatory and exclusive and must be complied with in all respects. *Laidlaw Waste Sys.*, 907 S.W.2d at 16. "Where statutory rights and remedies are concerned, the court may act only in the manner provided for by the statute." *Id.* (citing *Bullock v. Amoco Prod. Co.,* 608 S.W.2d 899, 901 (Tex. 1980)). The Tax Code does not define the term "property owner," *Panola County Appraisal Dist. v. Panola County Fresh Water Supply Dist. No. 1*, 69 S.W.3d 278, 281 (Tex. App.—Texarkana 2002, no pet.), but does make clear that only a property owner has the right to appeal a protest determination to the district court. *See* TEX. TAX CODE ANN. § 42.01. Furthermore, the Code provides an avenue through which a property owner may designate another person to act as the owner's agent. TEX. TAX CODE ANN. § 1.111. Ray was not designated as the agent of the property owner as required under section 1.111(b). *Id.* § 1.111(b) (requiring a designation of agent to be made in writing).

Our sister court has held that a limited partner of the property owner is not an "owner" of the property as required by Chapter 42 of the Tax Code. *See Taufiq ex rel. Patrick O'Connor & Assocs., Inc. v. Harris County Appraisal Dist.*, 6 S.W.3d 652, 654 (Tex. App.—Houston [14th Dist.] 1999, no pet.). Ray contends that *Taufiq* is distinguishable because he is also the sole shareholder and officer of McRae's general partner, Eastwood Village Shopping Center, Inc. While we agree that

*Taufiq* did not address the exact facts before us, we decline to construe the Tax Code so liberally as to permit the limited partner—who is also the sole shareholder and officer of the general partner—of the record property owner to file suit in district court. Further, Ray does not cite us to any authority for the proposition that a "virtual" property owner automatically qualifies as the property owner and is thereby permitted to avoid strict compliance with the Tax Code. Because Ray is not the record owner of the property, he cannot qualify as a property owner under the Tax Code. We conclude that, as a matter of law, Ray lacked standing to appeal the Board's assessment to the district court because he is not the record owner of the Austin Highway property. Accordingly, the trial court did not have jurisdiction, and did not err in granting the District's and the Board's motions to dismiss.

## CONCLUSION

We affirm the judgments of the trial court dismissing Ray's suits for lack of subject matter jurisdiction.

Phylis J. Speedlin, Justice